IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LAWRENCE LITTLE,

    *Plaintiff*,

    v.

    Civil No.: 1:26-cv-00863-JRR

IJE EKWEANI, *et al.*,

    *Defendants*.

## MEMORANDUM OPINION AND ORDER

Pending before the court is *pro se* Plaintiff Lawrence Little's Emergency Motion for Temporary Restraining Order and Preliminary Injunction.  (ECF No. 9, the "Motion.")  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).

## I.    BACKGROUND

Plaintiff initiated the instant action on March 2, 2026.  (ECF No. 1.)  By order of April 30, 2026, this court granted Plaintiff's Motion to Proceed in Forma Pauperis and instructed Plaintiff to complete the required United States Marshal Service ("USMS") forms to effectuate service. (ECF No. 10.)  Therefore, Defendants have yet to be served.

As far as the court can deduce, Plaintiff's allegations arise from his purportedly wrongful eviction from Baltimore City public housing located at 210 Douglass Court, Baltimore, Maryland. (ECF No. 1 at p. 7.)  Plaintiff claims that, due to Defendants' alleged unlawful actions, he has experienced homelessness for the last three years and currently resides in a shelter located in Baltimore City.  *Id.* at pp. 7–8.  Broadly construing his Complaint, Plaintiff asserts claims against Defendants for wrongful eviction, reputational harm, loss of "enjoyment of life," spoliation of evidence, and defamation.  *Id.* at pp. 8–9.  He also asserts claims pursuant to the Fourteenth

Amendment to the U.S. Constitution and Article 24 of the Maryland Declaration of Rights. *Id.* at p. 9.

On April 27, Plaintiff filed the instant Motion, seeking "immediate injunctive relief due to ongoing homelessness and the resulting threat to his health, safety, and ability to pursue this action." (ECF No. 9 at p. 1.)  Specifically, Plaintiff requests: (1) a temporary restraining order requiring Defendants to provide or facilitate emergency housing assistance; (2) a preliminary injunction maintaining such relief during the pendency of this case; (3) expedited consideration of this Motion; and (4) any other relief the court deems just and proper. *Id.* at p. 3.

## II.    <u>LEGAL STANDARD</u>

"The standard for a temporary restraining order is the same as a preliminary injunction." *Maages Auditorium v. Prince George's Cnty.*, 4 F. Supp. 3d 752, 760 n.1 (D. Md. 2014), *aff'd*, 681 F. App'x 256 (4th Cir. 2017).  The party seeking a temporary restraining order ("TRO") must establish (1) a likelihood of success on the merits; (2) that he will suffer irreparable harm if preliminary relief is not granted; (3) that the balance of equities favors entry of the injunction; and (4) that an injunction is in the public interest. *Frazier v. Prince George's Cnty.*, 86 F.4th 537, 543 (4th Cir. 2023) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).  As a TRO is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Importantly, the Federal Rules of Civil Procedure provide that a court may not issue a preliminary injunction without notice to the adverse party except in narrow circumstances. FED. R. CIV. P. 65(a)(1).  The court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard

in opposition" and the *pro se* movant "certifies in writing any efforts made to give notice and the reasons why it should not be required." *Id*. 65(b)(1); *see Sci. Sys. & Applications, Inc. v. United States*, PWG-14-2212, 2014 WL 3672908, at *3 (D. Md. July 22, 2014) (explaining "[n]otice is not required for a TRO, but … the movant himself, in the case of a *pro se* party, must 'certif[y] in writing any efforts made to give notice and the reasons why it should not be required.'"). "Where there is a failure to comply with the requirements of the rule, the motion for a TRO must be denied." *Lee v. Meyers*, ELH-21-1589, 2021 WL 4804018, at *3 (D. Md. Oct. 14, 2021).

## III.    ANALYSIS

As set forth above, Defendants have not yet been served in this action. Additionally, Plaintiff has not provided a written certification detailing efforts to serve Defendants or reasons why service should not be required here. The certificate of service attached to his Motion provides only that the Motion "will be served on all parties once service is authorized by the court." (ECF No. 9 at p. 4.) Accordingly, Plaintiff has not complied with the Federal Rules governing preliminary injunctions and temporary restraining orders. *See* FED. R. CIV. P. 65; *Lee*, 2021 WL 4804018, at *3.

Even if Plaintiff complied with the mandates of Rule 65 regarding service, the Motion otherwise fails to accord with the Rule because Plaintiff is unable to demonstrate, at the very least, that he is likely to suffer irreparable harm absent the requested preliminary injunctive relief. The Fourth Circuit has recognized that "an inordinate delay in initiating a preliminary injunction proceeding may 'indicate an absence of the kind of irreparable harm required to support a preliminary injunction.'" *Candle Factory, Inc. v. Trade Assocs. Grp., Ltd.*, 23 F. App'x 134, 137 (4th Cir. 2001) (quoting *Quince Orchard Valley Citizens Ass'n, Inc. v. Model*, 872 F.2d 75, 80 (4th Cir. 1989)). "[A]ny delay attributable to plaintiffs in initiating a preliminary injunction request,

coupled with prejudicial impact from the delay, should be considered when the question of irreparable harm to plaintiffs is balanced against harm to defendants." *Id*. at 138. Further, "to establish irreparable harm, the movant must make a 'clear showing' that it will suffer harm that is 'neither remote nor speculative, but actual and imminent.'" *Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, Owned by Sandra Townes Powell*, 915 F.3d 197, 216 (4th Cir. 2019) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991)).

Here, Plaintiff has not alleged specific facts to clearly show that he faces immediate and irreparable injury, loss, or damage. As explained above, Plaintiff avers that the alleged actions taken by Defendants have caused him to experience homelessness for the past three years and that he currently resides in a shelter. (ECF No. 1 at p. 7.) While the court does not minimize the seriousness of Plaintiff's circumstances, the length of time that has elapsed prior to Plaintiff's pursuit of injunctive relief undermines demonstration of the imminent, irreparable harm necessary to warrant a TRO or preliminary injunctive relief.[1] Plaintiff has thus not met his burden under Rule 65 and binding case law and, accordingly, neither a preliminary injunction nor a temporary restraining order is appropriate at this juncture.[2]

## IV.   CONCLUSION AND ORDER

For the foregoing reasons, it is this 1st day of May 2026,

**ORDERED** that Plaintiff's Motion (ECF No. 9) shall be, and is hereby, **DENIED**.

Madam Clerk shall transmit a copy of this memorandum opinion and order to Plaintiff.

/S/

_____

Julie R. Rubin
United States District Judge

---

[1] The court makes no findings as to the merits of Plaintiff's allegations on the whole.
[2] The court declines to address the remaining *Winter* factors.

4